MARY JOHNSON *vs.* GEORGE CRANE and wife and others.

On the 1st of April, 1853, C. and wife executed a mortgage to the plaintiff, payable in three years, with interest. On the 21st of April, 1857, C. and wife conveyed the mortgaged premises to J. F., by a deed which was never recorded. Subsequently L. & B. recovered judgments against J. F. which became liens on the premises. On the 30th August, 1858, C. and W. F., with the intent of cheating and defrauding L. & B. made an arrangement by which C. executed a deed of the same premises to W. F., which was at once recorded, and W. F. entered into possession. On the 21st of November, 1859, C. and W. F., for the purpose of deceiving and defrauding the plaintiff, represented to her that C. had conveyed the land to W. F. by deed, and that the latter had the full title thereto, free from all incumbrances except the plaintiff's mortgage, a prior mortgage to G., and two judgments in favor of C. & W. They finally induced her to take a deed of the land from W. F., and discharge her mortgage thereon, and to give a mortgage to C. for $245.58, and her promissory notes to W. F. for $154, the balance of the consideration ; the plaintiff being ignorant of the deed to J. F. and relying upon the statements of C. and W. F. In February, 1860, the land was sold by the sheriff, upon an execution issued on the judgment in favor of B. B. became the purchaser, and a certificate of sale was delivered and recorded. In an action to have the mortgage discharge executed by the plaintiff declared null and void, and the bond and mortgage given to her by C. and wife reinstated, and the mortgage fereclosed ; to have the deed from W. F. to the plaintiff and the bond and mortgage from her to C. adjudged null and void ; and for judgment against C. and W. F. for $154 and interest ; *Held* that the plaintiff having taken her deed from W. F. in good faith, and in ignorance of the prior unrecorded deed from C. and wife to J. F., she was protected against it by the recording acts ; that the deed to J. F. was void, as to the plaintiff, and could not operate as even a color or shadow of title in any one, as against her ; and that consequently the plaintiff had not been damnified, in any sense that a court of equity could recognize.

That no prejudice could result to her by reason of the existence of the prior unrecorded deed ; she having a clear record title under the same grantor, and being in possession of the premises.

APPEAL from a judgment entered upon the report of a referee. The action was brought to set aside certain written instruments, on the ground of fraudulent representations, and to reinstate a bond and mortgage, and to foreclose the mortgage so reinstated.

The complaint alleged the execution of a bond and mort-

Johnson *v.* Crane.

gage by the defendants George Crane and Sarah Crane, his wife, dated April 1, 1853, to the plaintiff, to secure the payment of $600 on the 1st May, 1856, with interest, to be paid semi-annually, on 37½ acres of land situated in Canandaigua ; mortgage recorded in Ontario county April 4, 1853. That on the 21st April, 1857, said Crane and wife were lawfully seised of the mortgaged premises, and the owners thereof in fee absolute, free from incumbrances or liens, except the lien of said mortgage and of a certain mortgage from Leander Johnson to Mindwell P. Granger, dated December 10, 1838, to secure $300 and interest. And that being such owners, the said Crane and wife conveyed the said mortgaged premises and other lands to the defendant John Freyer in fee ; that the conveyance thereof has never been recorded. That afterwards, and while John Freyer was the lawful owner of the mortgaged premises, by virtue of the deed from Crane and wife, John Lamport recovered a judgment against said John Freyer for $33.93, besides costs, which was docketed in Orleans county, November 4, 1857. That afterwards, and while John Freyer continued the owner of the premises, Richard Buccalew recovered a judgment in the supreme court against him for $294.15, damages and costs, which was docketed in Ontario county, April 17, 1858. That afterwards, and while John Freyer continued such owner, and on or about August 30, 1858, the defendants George Crane and William A. Freyer, contriving and plotting together to hinder, delay and defraud the creditors of John Freyer, and especially his said judgment creditors, Lamport and Buccalew, and to secure to the said W. A. Freyer the said lands, as against the judgment creditors of John Freyer, entered into an agreement among themselves, in pursuance of which George Crane and Sarah his wife, having no right or title, and knowing John Freyer to be in possession of the land, and to be the owner thereof in fee, wrongfully and fraudulently executed, acknowledged and delivered a quitclaim deed of the same premises, dated on that day, which

purported to convey the land to W. A. Freyer, in fee, and was recorded in Ontario county on the said 30th of August, 1858. That said deed was given only for the fraudulent purposes aforesaid, without any consideration, but with a consideration of $1000 falsely and fraudulently expressed therein. That W. A. Freyer at once took possession of the land, and pretended to hold the same by virtue of the last mentioned deed. That on the 21st of October, 1858, in pursuance of the said fraudulent purposes and agreement, and for the purpose of securing to Crane the payment of the purchase money still due him from John Freyer, for the land conveyed to him, and for the purpose of making such security a lien upon the land, prior and superior to the lien of said judgments, said Crane and W. A. Freyer, entered into an agreement with John Freyer, in pursuance of which W. A. and John Freyer confessed a judgment, in the supreme court, in favor of Crane, for $228.29, which judgment was docketed in Ontario county on that day. That about November 1, 1859, and while John Freyer still owned the premises, subject to the liens of said judgments, the said Crane and W. A. Freyer, well knowing that John Freyer owned the said land by virtue of the deed to him from Crane and wife, and that the said judgments remained unpaid and were liens &c. and that W. A. Freyer was not the owner, and conspiring together with intention to deceive and defraud the plaintiff, falsely and fraudulently represented to her that the mortgaged premises had been conveyed by a good and sufficient deed, and for a valuable consideration, and in good faith, by Crane and wife to said W. A. Freyer, and that the latter had the legal title thereto, and held the same free from any incumbrance or lien, except the liens of the mortgages aforesaid, and of the judgment in favor of Crane and of a judgment of W. E. Williams for $27.70, docketed in March 1857. That Crane and W. A. Freyer on or about November 21, 1859, each separately, with the intention to deceive and defraud the plaintiff, made the same false

and fraudulent representations to her, as to the title of W. A. Freyer to said land, and as to the incumbrances and liens thereon. That the plaintiff was then ignorant of the conveyance of said lands from Crane and wife to John Freyer, or of any incumbrance or lien of any kind, or interest of any other person than that of W. A. Freyer in said mortgaged premises, except the liens of the said two mortgages and the two judgments in favor of said Crane and Williams, and fully believed and relied upon the said statements and representations. In consequence of such belief and reliance the plaintiff was induced by the said Crane and W. A. Freyer to sign, acknowledge and deliver a discharge of the mortgage from Crane and wife to her, the plaintiff, dated on that day, November 21, 1859, which was recorded in the clerk's office of Ontario county ; and was also induced to join with said Crane in making three negotiable promissory notes dated on the same day, payable at different times, to W. A. Freyer or bearer for $137, with interest, and one for $20 and interest, to W. E. Williams or bearer ; which notes were delivered to said W. A. Freyer. And the plaintiff was also induced as aforesaid, to receive from W. A. Freyer and Julia his wife, a warranty deed of the mortgaged premises, dated November 21, 1859, with covenants of seisin and against incumbrances except the mortgage to Granger, which deed was recorded in Ontario county November 29, 1859, and to give a bond and a mortgage on the first mentioned mortgaged premises, dated on that day, to said Crane, for 245.58, payable in three years with interest, in satisfaction of the judgment against John and W. A. Freyer. The last mentioned mortgage was recorded in the clerk's office of Ontario county, November 28, 1859. That the Lamport judgment remains a lien on said premises, and that Buccalew has sold the premises on an execution issued on his judgment against John Freyer, and became the purchaser at the sheriff's sale, and received the sheriff's certificate, which is duly recorded. That Buccalew claims the title to the mortgaged premises, against the plain-

tiff, subject only to the right of redemption as provided by law. And that the plaintiff is advised by her counsel that Buccalew has a legal claim to the premises as against the deed thereof to the plaintiff. That W. A. Freyer is insolvent. That in consequence of the said several acts and representations of the defendants, and of the deed from Crane and wife to John Freyer, &c. the plaintiff's title to the said premises is obscured and become precarious, and she has been unable to let the same to farm at a fair rent, or to let the same for a term of years ; and she is now unable to sell the premises for what they are worth ; and that she is threatened with vexatious suits, &c. by persons having liens upon, and adverse claims to the premises. That all of said promissory notes have been transferred by W. A. Freyer, before maturity, to bona fide purchasers, for a valuable consideration. That at the time of said transactions, when the plaintiff was induced to execute the satisfaction of her mortgage, there was due thereon $600 and interest, and the same is still due. That no proceedings at law have been had, &c. That the defendants W. A. Freyer and wife, John Freyer and wife, Buccalew, Lamport, Hutchins and Huntley, have, or claim some interest in or liens on the said mortgaged premises subsequently to the lien of the plaintiff's mortgage.

The prayer of the complaint was that the said mortgage discharge might be declared null and void and of no effect, and the bond and mortgage be declared and adjudged to be in full force, the same as before the said transactions took place, &c. ; that the deed from W. A. Freyer to the plaintiff, and the bond and mortgage from the plaintiff to Crane be adjudged null and void, and that the same be so declared upon the record ; that the plaintiff have judgment against George Crane and W. A. Freyer for $154 and interest &c. ; that judgment of foreclosure and sale be entered, as to the mortgage executed by Crane and wife to the plaintiff ; and that the defendant George Crane be adjudged to pay any deficiency, &c. ; also for general relief.

The defendants, George Crane and wife, put in an answer denying most of the material allegations in the complaint. The defendant W. A. Freyer demurred to the complaint. No other defendant made any defense.

The action was referred to Henry O. Chesebro, Esq. as sole referee, to hear and determine the same. The issues were brought to trial before said referee, in January, 1862. ·After the case had been opened on behalf of the plaintiff, and a witness called in his behalf, but before any testimony had been taken, the counsel for the defendants, Crane and wife, moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action against them. The referee granted the motion, and dismissed the complaint, assigning the following reasons for his decision :

" The complaint in this case is filed for the purpose of setting aside the satisfaction of the mortgage from Crane to the plaintiff, and the whole transaction between the plaintiff and Crane and William A. Freyer, upon the ground of fraudulent representations made by Crane and Freyer,.by which the plaintiff was induced to make the bargain she did as set forth in the complaint. The complainant shows that upon the execution of the deed to her she entered into the possession of the premises under it, and is still in possession ; but that since she received her deed she has learned that prior to the execution of the deed to her, Crane had executed a deed of the same premises to one John Freyer, which is an outstanding deed, but has never been recorded. And the complaint shows she had no knowledge of its existence at the time of taking the deed from William A. Freyer to herself.

The point of the case is, therefore, whether the outstanding unrecorded deed from Crane to John Freyer is such a cloud upon her title as entitles her to have the whole transaction declared fraudulent, and a decree setting aside her discharge of the mortgage. If that deed is, as claimed by her counsel, a cloud upon her title, can she thereby suffer a sub-

stantial injury, she being ignorant of it at the time of taking
her deed ?   The defendant Crane, of course, having knowl-
edge of its existence, she would undoubtedly be entitled to
some relief.   But the difficulty I have with the plaintiff's
case is that upon the face of the complaint she shows that
this outstanding deed is utterly void as to her, and is not
in any sense a cloud upon her title ; nor does its existence
work her any injury entitling her to any relief.   Crane held
the title to the premises, and, in April, 1857, executed a
deed of them to John Freyer, which was not recorded.
Judgments were recovered by creditors of John Freyer
against him, in 1857 and 1858, and on the 30th August,
1858, the defendants Crane and William A. Freyer, with the
intent of cheating and defrauding these judgment creditors
of John Freyer, made an arrangement by which Crane exe-
cuted a deed of the same premises to William A. Freyer,
which was at once recorded, and William A. Freyer entered
into possession of the premises, and retained the possession
under that deed until he conveyed to the plaintiff.   The
complaint states that the plaintiff was ignorant of these trans-
actions until after she had taken her deed and the possession
of the premises.

It is hardly necessary to say that the intention, or any acts
to consummate that intention on the part of Crane and Wil-
liam A. Freyer, to defraud the creditors of John Freyer,
have nothing to do with this case, and cannot afford the
plaintiff any ground of relief.   If a fraud has been perpe-
trated upon her by which she is injured, the court will aid
her, but it would be an extraordinary exercise of the equita-
ble power of this court to set aside a transaction as fraudu-
lent between the plaintiff and defendant because a third
party has been defrauded.   The complaint states that one
of the judgment creditors of John Freyer has sold the inter-
est of John Freyer in the premises, upon his judgment, and
has taken a sheriff's certificate, which is filed.   But that
does not affect the case, in the view I take of it ; for if John

Freyer's deed is void as against the plaintiff, the purchaser under the judgment against him could acquire no rights, as against the plaintiff, unless he could show, what the complaint denies ; that is, that she purchased with notice of the unrecorded deed.

The complaint shows, then, that the plaintiff is a purchaser for value of the premises, without notice of the deed from Crane to John Freyer, and her title is derived through the same grantor, Crane, to William A. Freyer, and from William A. Freyer to her; William A. Freyer being at the time of the conveyance to her, in possession of the premises. The plaintiff's title is therefore perfect, as against the deed to John Freyer, that deed being void under the recording acts, as against the deed to her from William A. Freyer.    It seems to me that this is an answer to the case made by the plaintiff's complaint.

I do not see what cloud there is upon the plaintiff's title which entitles her to come into a court of equity and ask to have the whole transaction between her and the defendant set aside as fraudulent.    If her complaint is true, no prejudice can result to her by reason of the existence of the unrecorded deed.    She has a clear record title under the same grantor, and is in possession of the premises.

The plaintiff's counsel claims that this case falls within the principle of the cases of *Byne* v. *Vivian,* (5 *Ves.* 604,) and of *Ward* v. *Dewey,* (16 *N. Y. Rep.* 519 ;) and that this outstanding unrecorded deed is such a cloud upon the plaintiff's title as authorizes the court to set aside the whole transaction.    In order to consider this question we must first presume that the deed will be recorded, or that the judgment creditor who has purchased the interest of John Freyer in the premises, under his judgment, will commence an action of ejectment against the plaintiff based upon the sheriff's deed.    In either event, in what position will the plaintiff stand ?    She is in possession under a deed from William A. Freyer, who derived his title from George Crane.

The deed to John Freyer was also from Crane, but dated and executed prior to the deed to William A. Freyer. Both parties derive title from the same source, and the plaintiff's is recorded. She would be entirely protected by the recording act; and the party claiming under the deed to John Freyer could not in any manner affect her title, except by proving the very fact which she denies in her complaint, viz: that at the time she took her deed she had notice of the existence of the unrecorded deed to John Freyer. (*Wood* v. *Chapin*, 3 *Kern.* 509.) In the case of *Byne* v. *Vivian*, cited by the plaintiff's counsel, the decision was put upon the ground that the annuity bond which was sought to be canceled as void was secured by a mortgage which was an *incumbrance* upon the estate. And in the case of *Ward* v. *Dewey* the court refused to set aside the mortgage as a cloud upon the title, as the defect appeared upon the record through which the opposite party could alone claim title, and therefore the mortgage did not constitute such a cloud upon the title as to call for the exercise of the equitable power of the court to remove it. But this is not a bill filed to remove a cloud from the title to the plaintiff's land. The object of the bill is to set aside the agreement between the plaintiff and Crane, by which she delivered to him a satisfaction piece of his bond and mortgage, and paid some further consideration for the conveyance to her of the premises in question. No complaint is made that she was induced to pay more, or did pay more, than the land was worth, or was in any respect cheated or defrauded in the purchase, except that there was existing at the time she made the bargain with Crane, by which she received the title to the premises, the outstanding deed to John Freyer unrecorded, and of which she had no notice. The force of the complaint shows it is void as against the plaintiff, and no injury of which the law can take cognizance is stated to have resulted to her by reason of the existence of the deed. Under such circumstances I do not think a court of equity is called upon to set aside the

Johnson *v.* Crane.

contract between the plaintiff and defendants as fraudulent, upon the mere suggestion that a claim will be made against the plaintiff based upon a deed which the complaint shows is void against her. The court will exercise that power only when a substantial injury has been done by, or is likely to result from the act of the party complained of; neither of which, in my opinion, is shown by the complaint here.

I am therefore of the opinion that the complaint should be dismissed."

From the judgment entered upon this decision the plaintiff appealed to the general term.

*Spencer Gooding,* for the appellant.

*E. M. Morse,* for the respondents.

*By the Court,* WELLES, J. The action is not brought to remove a cloud on the plaintiff's title. So far from, it is among other things to have her title cancelled and set aside. The gravamen of the complaint is the fraud committed upon the plaintiff by Crane and W. A. Freyer, by which she was induced to cancel her bond and mortgage against Crane and wife, receive a conveyance of the premises from W. A. Freyer, and give her bond and a mortgage on the premises to Crane for $245.58 and her promissory notes amounting to $154; and the prayer of the complaint is, in substance, to have the satisfaction of the bond and mortgage given by Crane and wife to her canceled, and the mortgage adjudged to be in full force; her bond and mortgage to Crane, and the conveyance of the premises to her by W. A. Freyer and wife adjudged null and void; that Crane and W. A. Freyer be adjudged to pay her $154 and interest; and that the mortgage from Crane and wife to her be foreclosed, &c.

The allegations of the complaint show that she has acquired a perfect title to the premises as against John Freyer and his creditors, and no complaint is made that her pur-

Johnson *v.* Crane.

chase was a hard or unconscionable one; that she agreed to pay too much for the land; or that it was not made voluntarily on her part. It is positively averred in the complaint that the plaintiff took her deed from W. A. Freyer and wife in ignorance of the former deed from Crane and wife to John Freyer, which last deed has never been recorded. The deed from W. A. Freyer and wife to the plaintiff was duly recorded, a few days after it was given; and although, I believe, it is not positively stated that she has taken possession of the premises under the deed, yet such is the fair inference from the allegations in the latter part of the complaint. The only imaginable hindrance or objection to her title is the prior conveyance from Crane and wife to John Freyer. If she took her deed from W. A. Freyer in good faith and in ignorance of that conveyance, she is protected by the recording acts against it. If she knew or had notice of it she has only to charge her misfortune to her own folly, and the court will not relieve her. She has a perfect record title, if her statements are to be taken as true. The case is to be treated as if Crane, at the time he conveyed to W. A. Freyer, owned the premises or had never conveyed them. His conveyance to John Freyer is void as to the plaintiff, and does not and never can operate as even a color or shadow of title in any one, as against the plaintiff's title. She has not therefore been damnified in any sense that a court of equity can recognize, which is indispensable to her right to maintain this action.

For these reasons, and those stated in the opinion of the learned referee, I think the judgment should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, September 7, 1863. *E. Darwin Smith, Johnson* and *Welles,* Justices.]